IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL PETROS,

    Plaintiff,

v.                                          Civil Action No. 5:13CV159
                                                                    (STAMP)

THE UNITED STATES and
THE STATE OF WEST VIRGINIA,

    Defendants.

**ORDER DISMISSING CASE WITH PREJUDICE**
**PURSUANT TO THE PRE-FILING INJUNCTION**

Michael Petros ("Petros") has submitted to this Court a complaint against the United States, the State of West Virginia, and the City of Wheeling, West Virginia ("City of Wheeling").[1]

Previously on November 2, 2010, in the case styled Michael J. Petros v. Paul Boos and City of Wheeling, West Virginia, Civil Action No. 5:10CV77, this Court entered a memorandum opinion and order granting the defendant City of Wheeling's request for attorney's fees and issuing a pre-filing injunction. That order spelled out in detail the plaintiff's history of filing at least thirteen civil lawsuits arising from his termination as a city sanitation employee of the City of Wheeling and also set forth in detail the reasons why, after considering alternative sanctions and

---

[1] The Court notes that the heading does not include the City of Wheeling as a defendant. This is so because of an order entered by this Court on November 19, 2013, directing the Clerk of Court to assign the plaintiff's complaint a case number but only designate the United States and the State of West Virginia as defendants.

finding none, the Court was required to issue a narrowly tailored pre-filing injunction which indicated that plaintiff Petros may not file a civil action in the United States District Court for the Northern District of West Virginia related to his discharge from employment with the City of Wheeling in 1990 without first obtaining leave by the undersigned judge. Id. at ECF No. 23.

A reading of the submitted complaint in this action, together with its attachments, indicated to this Court that the suit, at least as to the City of Wheeling, involved the plaintiff's previous employment and discharge and, as indicated, was the subject of the above-mentioned pre-filing injunction. Accordingly, this Court, in a previous order, directed the clerk to dismiss the City of Wheeling from the case pursuant to the pre-filing injunction. See ECF No. 3 *2.

In addition, this Court found that the submitted complaint was merely reiterating the plaintiff's previous claims against the City of Wheeling but attempting to apply those claims to the United States and the State of West Virginia as well. Id. at 3. Accordingly, this Court applied Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004), which requires that a court review several factors in considering the application of a pre-filing injunction.[2] Subsequently, in applying those factors, this

---

[2]Those factors include: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis

Court found that there were insufficient adequate alternative sanctions to an expanded pre-filing injunction that would include all future filings by Petros in the United States District Court for the Northern District of West Virginia.  This Court explained that the expanded system would be narrowly tailored and would only preclude complaints submitted by the plaintiff that do not comply with the Federal Rules of Civil Procedure, particularly Rule 8 thereof, and do not seek to reopen matters upon which this Court has previously ruled.  ECF No. 3 *4.

This Court, however, ordered that the plaintiff show cause as to why an expanded system of pre-filing review should not be implemented, specifically directing the plaintiff to show that his complaint complied with the Federal Rules of Civil Procedure, particularly Rule 8, and was not seeking to simply reopen matters that have been previously decided by this Court.  Thereafter, the plaintiff timely filed an answer to this Court's show cause notice.

In his response, the plaintiff reiterated the same claims that he had made in his submitted complaint.  The plaintiff's response and his submitted complaint simply make the same arguments as in Petros v. Boos, et al., Civil Action No. 5:10CV77, with the exception of the plaintiff's attempt to argue that the City of

---

for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. Id.

Wheeling was under the "control" and "within the boundaries" of the two remaining defendants, the United States and the State of West Virginia, when the alleged claims at issue arose.

After review of the plaintiff's response, this Court finds that the plaintiff has failed to present any new information or evidence not presented before this and/or other courts in previous cases regarding the plaintiff's termination from his employment with the City of Wheeling. Thus, his complaint does not comply with the Federal Rules of Civil Procedure, specifically Rule 8 thereof, and fails to comply with this Court's requirement that a new filing should not simply attempt to reopen matters that have been previously decided by this Court.

This Court believes that it does not need to expand the pre-filing injunction to include all future actions filed by the plaintiff Petros. As previously stated, this Court finds that the complaint filed by plaintiff Petros as to the United States and the State of West Virginia raises the same issues as to the plaintiff's employment with the city of Wheeling. Thus, the pre-filing injunction previously put in place by this Court is applicable to the plaintiff's claims against the two defendants and an expanded pre-filing injunction system as to the plaintiff is not required at this time. Accordingly, this action is dismissed based on the pre-filing injunction previously implemented by this Court.

Based on the analysis above, it is ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court pursuant to the pre-filing injunction set forth by this Court as to the plaintiff. See 5:10CV77, ECF No. 23.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order by certified mail to Michael Petros at the address listed on his complaint, 3479 Central Avenue Apartment 404, Shadyside, Ohio 43947; to the United States; and to the State of West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 28, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE